RIX, ADMINISTRATOR, *v.* PETERS.

## Opinion delivered July 8, 1918.

MORTGAGE—DESCRIPTION—DESCRIPTION OF THREE SIDES OF A CITY LOT.— A mortgage *held* valid which described three sides of the mortgaged premises, and where there was a sufficient description to establish the fourth side by reasonable intendment. *Held* further that the court properly reformed the description by adding the words "thence to the place of beginning," which was the description obviously omitted.

Appeal from Garland Chancery Court; *J. P. Henderson,* Chancellor; affirmed.

*L. E. Sawyer,* for appellant.

The description in the deed was not sufficient and was not notice to a subsequent innocent purchaser and it was error to reform the deed. 131 Ark. 107; 119 Ark. 301. Courts can not supply an omitted description. 137 Cal. 105; 42 Ore. 521. See also 13 Cyc. 606 (2), 549, and note 95; 17 N. Y. 620; 95 Ga. 163; 13 Cyc. 543, (11); 89 Ark. 489; 41 *Id.* 50; 30 *Id.* 654; 40 *Id.* 241; 170 Ala. 499; 53 Ark. 55.

*A. J. Murphy,* for appellees.

1. The description was sufficiently definite to identify the lots and where a call is plainly omitted by mistake the courts will supply the omission. 12 Ballard Real Est. 79; 10 *Id.* 159. See 130 Mass. 70; 17 N. Y. 620; 83 S. W. 550; 2 Devlin on Deeds (3 ed.), §§ 850, 629a, 1012-13, 1031a; 2 S. W. 47; 43 *Id.* 378; 30 *Id.* 704; 27 Mo. 478; 48 *Id.* 194; 82 *Id.* 529; 94 *Id.* 676; 21 S. W. 1085; 51 Ark. 390; 8 R. C. L. 1073, § 128, p. 1049, § 103; 2 Devlin Deeds (3 ed.), § 1000; 100 S. W. 1188; 91 *Id.* 286; 11 Am. Cas. 163; Am. Cases, 1912b, 1065; 83 S. W. 550; Tiedeman, Real Prop. (2 ed.), § 830; 12 Cyc. 549; 22 S. E. 190; 8 R. C. L. 1073, 1049; 91 S. W. 286.

2. Lewis had notice by the provision in his deed. 2 Devlin on Deeds (3 ed.), § 1000; 43 Ark. 464; 29 *Id.* 650; 37 *Id.* 571; 60 *Id.* 595; 50 *Id.* 323; 108 *Id.* 490; 35 *Id.* 100.

McCULLOCH, C. J. This is a suit to foreclose a mortgage on real estate in the city of Hot Springs, which is described in the mortgage as follows:

"The following real estate, situated in the County of Garland, State of Arkansas, towit: Part of lots one (1) and eight (8) in block sixty-one (61) of the Hot Springs Reservation, according to the official plat of the United States Hot Springs Commissioners, more particularly described as follows: Commencing at the northeast corner of said lot 8; thence southerly on the east line of said lots 8 and 1 at Pleasant street one hundred and forty-four (144) feet; thence westerly on a line parallel with the north line of said lot 8 at Garden street fifty (50) feet; thence northerly in a straight line one hundred and forty-four (144) feet to a point on said north line of said lot 8 at Garden street sixty (60) feet west from the place of beginning."

It is alleged in the complaint that the description is incomplete in that it omits at the conclusion the words "thence to the place of beginning," but it is alleged that the words of the description are sufficient to constitute notice of the correct boundaries of the land intended to be conveyed, and the prayer is that the mortgage be reformed so as to embrace the omitted words completing the description, and that the mortgage, as thus reformed, be foreclosed.

The mortgagor had subsequently conveyed the property under correct description to another person who was made defendant in the case, and he claims to be an innocent purchaser without actual notice of the mortgage. The chancellor held that the description was sufficient to indicate the correct boundaries of the property sought to be conveyed, and he entered a decree foreclosing the mortgage.

It will be observed from the language used in the description that there is proper reference to and identification of the plats showing the particular lots and block out of which the property in controversy was carved. The plat was introduced in evidence and shows that lot 8

lies adjoining lot 1 on the north and abuts on Garden street on the north, and that lots 8 and 1 abut on Pleasant street on the east.   The description used confines the property to be conveyed to a part of lots 1 and 8 of block 61, commencing at the northeast corner of lot 8, which is at the intersection of Garden street and Pleasant street, thence running in a southerly course 144 feet with the east line of lots 8 and 1 as they abut on Pleasant street, thence west 50 feet on a line parallel with the north line of lot 8 on Garden street, and thence north 144 feet to a point on the north line of lot 8, 60 feet west to the place of beginning.

This description gives the four corners of the property conveyed and in express language describes three sides.   The omitted words refer to the fourth side of the lot, but we are of the opinion that even without the use of those words there is a clear implication that the line of Garden street between the two corners described was intended as the north boundary of the property conveyed. This is the necessary implication from the words used. It has been said by a text writer on this subject that, while it is generally necessary in a description of land to state all four sides of the tract to be conveyed, yet "where three are given, and there is sufficient description as to their courses and distances to establish the fourth by reasonable intendment, the deed will not be void." Tiedeman on Real Property, sec. 830.   A very apt illustration of this doctrine is found in the case of *Commonwealth* v. *City of Roxbury,* 9 Gray, 451, where the court said: "The obvious and legal course, we think, is to lay down a plan on the land, according to ascertained boundaries, abuttals and monuments on these three sides, and thus see where the fourth would come; if it terminate on the sea or salt water, on a highway or public common, or on a well established line of private property, such deficient line will be supplied by necessary intendment, and the instrument be read as if it were so expressed."

There are many other authorities cited on the brief of counsel which sustain this rule.   Applying it to the

case in hand, it is a clear inference from the description given of the three sides that the line of Garden street was intended to mark the north boundary of the lot to be conveyed. There is no ambiguity in the words of description, although there is a patent omission in the words necessary to expressly describe one of the four sides of the property in controversy. The incorporation of the omitted words "thence to the place of beginning" was not essential to the proper description, but it was not improper for the court to reform the instrument by incorporating those words so as to carry out the intention of the parties, and to make a description which would be sufficient on its face without indulging inferences.

Decree affirmed.